UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA C. HUNDLEY,

    Plaintiff,                             CIVIL ACTION NO. 06-14906

  v.

                                         DISTRICT JUDGE ARTHUR J. TARNOW
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

\* \* \*

     Plaintiff filed an application for Social Security disability insurance benefits on June 30, 2003, alleging that she had been disabled and unable to work since September 17, 2002, at age 45, due to severe joint pain and mental depression. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on September 16, 2005, before Administrative Law Judge (ALJ) Charles Reite. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge limited the claimant to jobs that did not require working above shoulder

level, stair climbing or frequent use of the upper extremities. The ALJ found that Plaintiff was unable to do any repetitive balancing, stooping, kneeling, crouching or crawling. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing (TR 500). She had been graduated from high school, and had been employed as a small parts assembler, forklift driver, inspector and automobile painter (TR 69, 75, 506-507, 516-517). As an parts assembler for General Motors, she stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 76). Claimant stopped working in September 2002, after injuring her back and left shoulder at work[1] (TR 507-508).

Plaintiff testified that she remained disabled as a result of severe back pain that prevented her from sitting or standing for prolonged periods (TR 84, 88). Pain medications proved ineffective and caused insomnia (TR 514). Other impairments which prevented her from returning to work included carpal tunnel syndrome, left shoulder/neck pain and mental depression (TR 510-511). Plaintiff added that she needed to lie down several times a day to gain any pain relief (TR 510, 514).

A Vocational Expert, Mary Williams, classified Plaintiff's past work as light to medium, unskilled activity (TR 516-517). The witness testified that there would not be any

---

[1]Plaintiff settled a workers' compensation claim for nearly ninety seven thousand dollars in March 2005 (TR 99).

jobs for claimant to perform if her testimony were fully accepted[2] (TR 519). If the claimant were capable of light work, the witness testified that there were numerous cashier, sorting and inspection jobs that she could still perform with minimal vocational adjustment (TR 517-518). These unskilled jobs provided a sit-stand option, and did not require any repetitive crouching, stooping, squatting, overhead reaching, climbing or crawling (TR 518).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of back pain and mental depression, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring prolonged sitting, standing or lifting. She was also unable to perform any repetitive crouching, stooping, squatting, overhead reaching, climbing or crawling. The Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See

---

[2] The witness testified that claimant's alleged need to lie down for several hours each day would preclude all work activity (TR 519).

Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is disabled as a result of severe back pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2007).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges

disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling back pain and emotional difficulties.

In a deposition dated June 7, 2004, Dr. Todd Best stated that he had been treating the claimant for back, left shoulder and neck pain as well as for carpal tunnel syndrome (TR 379-402).  Given her wrist pain from carpal tunnel syndrome, the treating doctor opined that Plaintiff was restricted to lifting no more than 20 pounds.  Dr. Best added that the claimant was also unable to do any repetitive gripping or grabbing of vibrating tools (TR 393).

Plaintiff was also treated by a psychiatrist, Dr. Yarlagadda Prasad, for mental depression and periodic panic attacks (TR 104, 176, 211).  While Dr. Prasad indicated that the claimant experienced moderately severe to severe limitations in all listed functions in a July 2003, mental capacities evaluation (TR 173-175), a consultative psychiatric evaluation by Dr. Gordon Forrer in August 2005, revealed no mental health limitations other than those induced by anti-depressive medications (TR 457).

When evaluating Plaintiff's residual mental functional capacity, the Law Judge also took into consideration the opinion of a state agency psychiatrist[3], who concluded that the claimant could perform substantial gainful activity on a sustained basis (TR 232). Moreover, the types of unskilled jobs identified by the Vocational Expert (inspection, cashier and sorting) would not cause a great deal of work related stress. These unskilled jobs provided a sit-stand option, and did not require any repetitive crouching, stooping, overhead reaching, climbing or crawling[4]. (TR 518).

Plaintiff relies heavily upon the fact that Dr. Prasad described her as totally disabled in a mental capacities evaluation report (TR 173-175). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Prasad offered no objective evidence to support his conclusion of mental disability[5], his opinion need not have been given any special weight. Miller v.

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

[4]While Plaintiff contends that the ALJ failed to consider her testimony that she needed to lie down for substantial portions of the day, this alleged restriction was not included in the RFC assessment of her treating physician (TR 393).

[5]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 23). As noted by the Law Judge, the claimant's visits with Dr. Prasad consisted of medication reviews lasting 5 to 10 minutes. Since the doctor did not include any clinical findings in his numerous reports (TR 161-172, 243, 246, 250, 252, 257, 260, 263, 269, 271,

Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a

---

275, 283, 285, 287, 291, 294, 297-298, 301, 303), the ALJ reasonably concluded that his disability opinion was mainly based on claimant's subjective complaints. Under these circumstances, the Law Judge properly gave greater weight to the opinions of consulting psychiatrist Forrer and reviewing doctor Tien that Plaintiff was mentally able to perform a wide range of unskilled tasks in a regular work environment.

7

waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: June 18, 2007

___

**CERTIFICATE OF SERVICE**

I hereby certify on June 18, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 18, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217